IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRAVIS JONES,

    Petitioner,                         CASE NO. 2:09-CV-980
                                            JUDGE MARBLEY
    v.                                  MAGISTRATE JUDGE KING

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition, respondent's motion to dismiss, Doc. No. 7, petitioner's response, Doc. No. 8, respondent's reply, Doc. No. 9, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED.**

### FACTS and PROCEDURAL HISTORY

Petitioner was indicted by the May 11, 2007, term of the Franklin County grand jury for aggravated robbery, in violation of O.R.C. §2911.01, on two counts of robbery, in violation of §2911.02, and for kidnapping, in violation of O.R.C. §2905.01, with firearm specifications.  *Exhibit 1 to Motion to Dismiss*.  On October 10, 2007, petitioner pleaded guilty to one count of robbery with a firearm specification.  *Exhibit 2 to Motion to Dismiss*.  The other charges against him were dismissed.  The trial court sentenced petitioner to an aggregate term of five years incarceration.  *Exhibit 3 to Motion to Dismiss*.  Petitioner did not timely appeal.  On June 5, 2009, he filed a motion for a delayed appeal with the state appellate

court.  *Exhibit 4 to Motion to Dismiss*.  As cause for his untimely filing, petitioner alleged that he had requested that his attorney file an appeal, but that counsel advised him "it would be a waste of time because there was nothing to argue;" petitioner therefore did not pursue an appeal.  *See id.*

> However I told him I still could not understand how I could be convicted of something I did not do, because I was charged with a gun but yet there was no gun, nor did I do such a crime, however and again my counsel said "It is a weak argument."
>
> However, just recently (a few weeks ago, roughly around the first week of May of 2009) I was down at the library and over heard about a man from Columbus by the name of Hargrove (last name) whom was down here and had filed a late appeal based on the same claim I asked my attorney about... the gun. And that the federal court granted him an appeal and then I heard he was released on these grounds, so then I was upset because here I am almost two years into my prison term and I was derailed out of my right to appeal by my very own attorney.

*See id.*  On June 23, 2009, the appellate court denied petitioner's motion for a delayed appeal. *Exhibit 7 to Motion to Dismiss*.  Petitioner filed a timely appeal from that decision, raising the following propositions of law:

      1. Sentence contrary to law.
      2. Insufficient evidence.
      3. Unlawful and breach of plea agreement.
      4. Ineffective assistance of counsel.
      5. Denied right to appeal.

*Exhibit 9 to Motion to Dismiss*.  On October 14, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 11 to Motion to Dismiss*.

On October 30, 2009, petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution on the following grounds:

> 1. Denial of right of appeal. It was out of my control for my appeal to be filed timely due to lack of assistance of counsel.
>
> 2. Sentence contrary to law. The sentence is unconstitutional and was unlawfully induced and is unsupported by evidence.
>
> 3. Unlawful and breach of plea agreement. Due to 1 – Being coerced into a guilty plea or face more serious sentence, 2 – insufficient evidence to support a plea, 3 – denial to a timely appeal due to counsel's neglect of assistance all over all.

For Ground Four, Ground Crisis[sic] assistance.

It is the position of the respondent that this action is time-barred.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the statute of limitations began to run on November 10, 2007, *i.e.*, thirty days after the trial court's October 11, 2007, judgment entry of sentence, when the time to file a timely appeal expired. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001);Ohio App.R. 4(A). The statute of limitations expired one year later, on November 10, 2008. Petitioner filed his federal habeas corpus petition on October 26, 2009, almost one year after that date. Petitioner's June 5, 2009, motion for a delayed appeal did not toll the running of the statute of limitations, because he filed that motion long after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003).

Petitioner contends that equitable tolling of the statute of limitations is appropriate because his attorney advised him against filing an appeal and because he is actually innocent of the charges against him. *See Petitioner's Reply*. "[P]etitioner bears the ... burden of

4

persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. Petitioner's reliance on his attorney's assessment of the merits of any appeal does not constitute a circumstance beyond petitioner's control that prevented him from filing a timely habeas corpus petition.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th 2003).

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's

5

>  reasonableness in remaining ignorant of the legal requirement
>  for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

Petitioner would not have been reasonable had he remained ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.

Moreover, petitioner failed to act with diligence in pursuing his claims. His conviction became final on November 10, 2007; yet, he waited more than one and a half years later, until June 5, 2009, to file his motion for delayed appeal. He filed his habeas corpus petition almost one year after the statute of limitations had expired.

Petitioner contends that, although he entered a guilty plea, he is actually innocent of

6

the charges and the victim of a manifest miscarriage of justice. Actual innocence may justify the equitable tolling of the statute of limitations. *See Shouter v. Jones,* 395 F.3d 577 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Id.,* at 589-90 (footnote omitted).  Petitioner has failed to meet this standard here.

In short, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss, Doc. No. 7,  be **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen

7

(14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

July 6, 2010                                            *s/ Norah McCann King*
                                                                       Norah McCann King
                                                                       United States Magistrate Judge